Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000981
27-FEB-2015
08:29 AM

NO. CAAP-12-0000981

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
TIRA H. AKINA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-12-02407)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Tira H. Akina appeals from the Judgment and Notice of Entry of Judgment, filed on October 4, 2012, in the District Court of the First Circuit ("District Court"),[1] in which the District Court dismissed without prejudice the charge of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes § 291E-61(a)(1) and/or (3) (Supp. 2014).

On appeal, Akina argues that the District Court erred by (1) failing to provide specific findings of fact and conclusions of law to support dismissal of the charge without prejudice and (2) dismissing the charge without prejudice instead of with prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Akina's points of error as follows and affirm:

---

[1] The Honorable Shirley M. Kawamura presided.

Before we can reach the issue of whether the District Court erred in failing to provide written findings and conclusions,[2] we are confronted with the fact that the Hawaiʻi Rules of Appellate Procedure place on the appellant the affirmative burden of providing the transcript of the proceedings:

> When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file.

Haw. R. App. P. 10(b)(1)(A). *See State v. Resich*, No. CAAP-12-0000649, 2015 WL 405593 (Haw. Ct. App. Jan. 29, 2015); *State v. Kobayashi*, No. CAAP-12-0000650, 2015 WL 539789 (Haw. Ct. App. Jan. 29, 2015). It is well settled that "'[t]he burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript.'" *Bettencourt v. Bettencourt*, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (brackets omitted) (quoting *Union Bldg. Materials Corp. v. The Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)).

Because Akina's claim that the District Court erred in denying her motion to dismiss without prejudice depends on a review of the court's oral decision, the factual basis for her alleged point of error is not part of the record. Appellate courts "will not presume error from a silent record." *State v. Hoang*, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000).

---

[2]     [I]n determining whether to dismiss a charge with or without prejudice under [Hawaiʻi Rules of Penal Procedure] Rule 48(b), the trial court must not only consider the [factors set out in *State v. Estencion*, 63 Haw. 264, 625 P.2d 1040 (1981)], but must also clearly articulate the effect of the *Estencion* factors and any other factor it considered in rendering its decision.

*State v. Hern*, 133 Hawaiʻi 59, 64, 323 P.3d 1241, 1246 (App. 2013). "The trial court's explanation of its consideration of the *Estencion* factors and the basis for its decision will permit meaningful appellate review." *Id.* at 65, 323 P.3d at 1247.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on October 4, 2012, in the District Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, February 27, 2015.

On the briefs:

Richard L. Holcomb
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge